IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VIOLET GOODWIN, | |
| Plaintiff, | 8:23CV14 |
| v. | |
| PETER BATALLION, | MEMORANDUM AND ORDER |
| Defendant. | |

Plaintiff filed a Complaint on January 13, 2023. (Filing No. 1.) Pursuant to the presiding judge's order of recusal (Filing No. 4), this matter was reassigned to the undersigned. (Filing No. 5.) Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis (Filing No. 7) on January 30, 2023, which the Court granted (Filing No. 8). The Court now conducts an initial review of plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e). In doing so, the Court will also review plaintiff's Motion for Temporary Restraining Order ("TRO") and Injunction (Filing No. 9) filed on February 28, 2023.

I.  **SUMMARY OF COMPLAINT**

Plaintiff sues Judge Peter Bataillon[1] of the District Court of Douglas County, Nebraska, alleging he "violated our 14th Amendment Right to due process when he Entered the Ex Parte Orders annexed Hereto[2] when without a Hearing Notice etc., He granted custody of our two minor children to David Goodwin, a known criminal and drug addict and robber . . . without a hearing." (Filing No. 1 at 1.) Plaintiff further alleges that her ex-husband, David Goodwin ("Goodwin"), coerced her children into making false accusations against plaintiff after her children went to Goodwin's for Christmas break,

---

[1] Plaintiff misspelled Judge Bataillon's name in her Complaint. The Court will use the correct spelling throughout this Memorandum and Order. (See Filing No. 9 at 6.)

[2] No orders are attached to Plaintiff's Complaint. (See Filing No. 1.)

and, on January 11, 2023, "Judge Bataillon issued an 'ex parte' order giving [her] minor children to their dad without giving [plaintiff] a hearing a notice or anything." (Filing No. 1 at 2.)

As relief, plaintiff seeks only "a declaration that Bataillon violated our Negro, Woman of Color Rights, under the 14th Amendment." (Filing No. 1 at 1.) However, on February 28, 2023, plaintiff filed a Motion for TRO and Injunction asking the Court to enjoin Judge Bataillon "from sitting on my case (CI-17-2781) in District Court" based on Judge Bataillon's actions in the case, namely the entry of the ex parte order, cancelling plaintiff's child support, and changing custody from plaintiff to her ex-husband Goodwin. (Filing No. 9 at 1–2.) To her motion, plaintiff attached an order entered by Judge Bataillon on February 16, 2023, in *Violet Goodwin v. David Goodwin, Jr.*, Case No. CI17-2781, District Court of Douglas County, Nebraska, in which Judge Bataillon denied plaintiff's motion to recuse him and set the matter for trial on March 31, 2023 on plaintiff's motion to vacate the temporary custody order and on plaintiff's answer and counterclaim to the complaint for modification of child support, alimony, and visitation. (Filing No. 9 at 4–6 (hereinafter "state court order").)

**II.     STANDARD OF REVIEW**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff captioned her Complaint a "Ku Klux Klan Act Complaint Action," which the Court liberally construes as a civil rights action pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff contends that Judge Bataillon denied her due process in violation of the Fourteenth Amendment.

#### A. Sovereign Immunity

Plaintiff did not specify the capacity in which Judge Bataillon is sued. Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). "As a district court judge within the Nebraska Judicial Branch, Judge [Bataillon] is a state official, and Plaintiff's official-capacity claims are claims against the state." *Carmenates v. Ideus*, No. 4:20CV3031, 2020 WL 3036071, at *2 (D. Neb. June 5, 2020) (citing *Tisdell v. Crow Wing Cty.*, No. CIV. 13-2531 PJS/LIB, 2014 WL 1757929, at *7 (D. Minn. Apr. 30, 2014) (official-capacity claims against state court judge are claims

3

against state)). The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). An exception to this immunity was recognized by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), which permits prospective injunctive relief against state officials for ongoing federal law violations. However, this exception does not apply to cases involving requests for purely retroactive relief. *Green v. Mansour*, 474 U.S. 64 (1985).

Here, plaintiff seeks only a declaration of a past constitutional violation. Such purely retroactive relief is barred by sovereign immunity, and plaintiff's claim against Judge Bataillon in his official capacity must be dismissed. *See Jacobson v. Bruning*, No. 4:06-CV-3166, 2007 WL 1362638, at *2 (D. Neb. Apr. 24, 2007) ("a declaratory judgment establishing *past* liability of the State is . . . forbidden by the Eleventh Amendment" (italics in original) (citing *Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 646 (2002))); *Hansen v. Vampola*, No. 4:07CV3074, 2007 WL 1362689, at *2 (D. Neb. Apr. 16, 2007) ("A declaratory judgment establishing only the **past liability** of the state is forbidden by the state's sovereign immunity preserved by the Eleventh Amendment to the Constitution." (bold in original)).

### B. Judicial Immunity

Even if the Court assumes plaintiff sues Judge Bataillon in his individual capacity, the doctrine of judicial immunity comes into play. A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. (internal citations omitted). An act is judicial if "it is one normally performed by a judge

and if the complaining party is dealing with the judge in his judicial capacity." *Id*. (internal citations omitted). "[A] judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (internal quotation omitted).

It is clear from the Complaint's allegations that neither of the two exceptions to judicial immunity apply here. Plaintiff alleges that Judge Bataillon violated her due process rights by entering an ex parte child custody order without holding a hearing. However, Nebraska law is clear that in domestic relations actions, "the court may issue ex parte orders . . . determining the temporary custody of any minor children of the marriage" and such orders "shall remain in force for no more than ten days or until a hearing is held thereon, whichever is earlier." Neb. Rev. Stat. § 42-357. The state court order attached to plaintiff's Motion for TRO and Injunction shows that a hearing was held on the ex parte order on January 17, 2023. (Filing No. 9 at 5.) Judge Bataillon's action in entering the ex parte order is clearly judicial in nature and not one taken in the complete absence of all jurisdiction.

In addition, section 1983 "precludes injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Hoffman v. Ferguson*, No. CIV. 09-5052, 2009 WL 1606736, at *2 (W.D. Ark. June 5, 2009) (quoting 42 U.S.C. § 1983). Here, plaintiff does not allege that either of the prerequisites for injunctive relief are met. *See id*. (dismissing claims for injunctive relief against state magistrate judge because plaintiff failed to allege that a declaratory decree was violated or that declaratory relief was unavailable). Furthermore, "[e]quitable relief is not appropriate where an adequate remedy under state law exists." *Id*. at *3 (citing *Pulliam v. Allen*, 466 U.S. 522, 542 & n.22 (1984)). A trial is scheduled on the custody dispute between plaintiff and her ex-husband, and there is no indication that plaintiff will be prevented from raising her civil rights claims at trial or from seeking review of any civil rights claims in an appeal.

*See id*. ("An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ.")

While "§ 1983 does not bar declaratory relief against judges," such "declaratory relief is limited to prospective declaratory relief." *Justice Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 763–64 (8th Cir. 2019). As discussed above, plaintiff's request for declaratory relief against Judge Bataillon is purely retroactive, and, thus, she is not entitled to such relief under § 1983. *See Id*.; *see also Davis v. Campbell*, No. 3:13-cv-0693 LEK/ATB, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("The doctrine of judicial immunity also does not shield judges from claims for prospective declaratory relief.[ ] In this case, plaintiff's request for declaratory relief is purely retrospective. She seeks a declaratory judgment that past actions that occurred in the context of the Family Court proceedings violated her constitutional rights." (internal citation omitted)).

  C. ***Younger* Abstention**

Alternatively, the Court concludes that it must refrain from exercising jurisdiction over plaintiff's claims for declaratory and injunctive relief under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Under *Younger*, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court. *See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*,[] federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism.")

Here, plaintiff seeks a declaration that Judge Bataillon violated her rights in her state court custody dispute with her ex-husband, which is currently set for trial on March 31, 2023, and further seeks to enjoin Judge Bataillon from presiding over her case. Plaintiff filed a motion for Judge Bataillon's recusal in state court, (Filing No. 9 at 4–5), and, though she was unsuccessful, she may appeal from any adverse ruling. *See Kennedy*

*v. Kennedy*, 287 N.W.2d 694, 696 (Neb. 1980) ("Generally, the ruling on a motion to disqualify a trial judge on the ground of bias and prejudice will be affirmed on appeal unless the record establishes bias and prejudice as a matter of law."). Thus, the first and third conditions of *Younger* are met. The Court also finds that recusal of a judge in a domestic relations action implicates important state interests, such that abstention is required here.

This Court reached a similar conclusion in *Rosberg v. Rosberg*, No. 8:21CV152, 2021 WL 2210602 (D. Neb. June 1, 2021). The plaintiff in *Rosberg* sought an order preventing the state district court judge presiding over his divorce case from ruling on any of the plaintiff's pending motions in that case. In concluding that *Younger* abstention was required, the Court noted that "[t]he Supreme Court has extended *Younger* abstention 'to civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions . . . .'" *Id*. at *2 (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)). This Court then cited with approval to several cases declining to intervene in ongoing state domestic relations proceedings in recognition of the important state interests implicated. *See id*. at *2–3 (citing *Shafizadeh v. Bowles*, 476 F. App'x 71, 73 (6th Cir. 2012); *Perso v. Perso*, No. 19CV2858JMASIL, 2019 WL 4415399 (E.D.N.Y. Sept. 13, 2019); *Kelly v. New York*, No. 19CV2063JMAARL, 2020 WL 7042764, at *4–5 (E.D.N.Y. Nov. 30, 2020)).

The Court in *Rosberg* also acknowledged that the domestic relations exception to federal court jurisdiction[3] also supported a finding that abstention was required. The Court reasoned:

> In the present case, although Plaintiff does not specifically request the court to make factual determinations regarding the state court divorce case, his allegations of judicial bias and prejudice appear "inextricably

---

[3]It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890).

7

> intertwined" with rulings that were made (or not made) by Judge Kube in the divorce case. *See Kahn v. Kahn*, 21 F.3d 859 (8th Cir. 1994). Thus, even if the domestic relations exception does not necessarily deprive the court of subject-matter jurisdiction, it provides a strong rationale for abstaining from exercising jurisdiction in this case.

*Rosberg*, 2021 WL 2210602, at *4 (citing *George v. Belmont*, No. 8:20-CV-529, 2021 WL 2117243, at *3 (D. Neb. May 25, 2021) ("[A]warding [the plaintiff] damages [for alleged wrongdoing by his ex-wife's attorney] would be deliberately intended to undo the state court's property settlement based on factual findings necessarily contradicted by its decree. So, this is a proceeding both implicating a state's interest in enforcing the orders and judgments of its courts, and substantially related to a pending state proceeding, making *Younger* abstention appropriate."))

## IV. CONCLUSION

Plaintiff's claims for purely retroactive declaratory relief against Judge Bataillon are barred by sovereign and judicial immunity. Moreover, the Court finds that it must abstain from exercising whatever subject-matter jurisdiction it may have in this case pursuant to *Younger*. Accordingly, the Court will dismiss this case without prejudice and will deny plaintiff's Motion for TRO and Injunction as moot.

IT IS THEREFORE ORDERED that:

1. This case is dismissed without prejudice.
2. Judgment shall be entered by separate document.
3. Plaintiff's pending Motion for TRO and Injunction (Filing No. 9) is denied as moot.

Dated this 8th day of March 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

9